UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-215-JBC

MARKIE ANN BEDWELL ROGERS,                                          PLAINTIFF,

V.                    MEMORANDUM OPINION AND ORDER

MICHAEL ASTRUE, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION,                                      DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on cross-motions for summary judgment. R. 9, 10. The plaintiff, Markie Ann Bedwell Rogers, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Supplemental Security Income (SSI) benefits. The court, having reviewed the record and being otherwise sufficiently advised, will grant the Commissioner's motion and deny Rogers's.

Rogers was a 22-year-old female with a high school education at the time she filed an application for supplemental security income. Administrative Record.[1] She has no past relevant work history. AR 21. She alleges disability beginning on January 1, 1991, due to post-traumatic stress disorder, attention deficit hyperactivity disorder, depression, borderline personality disorder, and mental

---

[1] Rogers claims she was disabled beginning January 1, 1991, when she six years old. However, disability is calculated back only to the date the application was filed.

1

disability. AR 144, 149. The claim was denied initially on November 20, 2007, and again upon reconsideration on January 24, 2008. AR 93, 99. After a hearing held on May 7, 2009, Administrative Law Judge (ALJ) Don C. Paris determined that Rogers did not suffer from a disability as defined by the Social Security Act. AR 14. At Step 1, *see Preslar v. Secretary of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R § 404.1520, the ALJ found that Rogers had not engaged in substantial gainful activity since the date of the alleged onset of disability. AR 16. At Step 2, the ALJ found that Rogers had the following severe impairments: obesity, borderline intellectual functioning (based on prior evaluations), major depression, post-traumatic stress disorder, and borderline personality disorder. AR 16. The ALJ then determined at Step 3 that Rogers's impairments, singly or in combination, do not meet or medically equal a listing in the Listing of Impairments. AR 17. At Step 4, the ALJ found Rogers has no past relevant work. The ALJ concluded at Step 5 that jobs exist in significant numbers in the national economy that Rogers can perform, and he then denied Rogers's claim for DIB and SSI. AR 22-23. On June 24, 2009, the Appeals Council denied Rogers's request for a review of the ALJ's decision and Rogers commenced this action.

  Rogers claims that the ALJ's decision was not supported by substantial evidence for the following reasons: (1) the ALJ improperly relied on Dr. Stodola's opinion because it is based on evidence which is not in the record; (2) the ALJ's decision did not refer to Listing 12.05C, regarding mental retardation, despite a

2

valid Full Scale IQ of 66 and proof of defects in adaptive functioning during middle and high school; (3) the ALJ improperly rejected restrictions reflected in the reports of the agency's examining source and the treating psychiatrist; and (4) the ALJ's hypothetical posed to the Vocational Expert failed to include restrictions assessed by the agency's examining psychologist and Dr. Stodola.

### A. Reliance on Dr. Shodola's Opinion

The ALJ's reliance on Dr. Shodola's opinion is proper because it was based on evidence in the record. The prior IQ scores mentioned in Dr. Shodola's report are found in Bedwell's November 3, 1997, discharge summary. R. 250. As the opinion is supported by evidence in the record, it was proper for the ALJ to give the opinion weight in his decision. Social Security Ruling 96-6p.

### B. Reference to Listing on Mental Retardation

Substantial evidence supports the ALJ's finding that Rogers did not meet or medically equal the medical retardation listing under paragraph C of 20 CFR Part 404, Subpart P, Appendix 1. Both Dr. Stodola and Dr. Scher state in their evaluations that Rogers's mental impairments did not meet the criteria of any listing. AR 296, 334. Though Rogers attended special education classes during high school, treating physician Dr. Fields stated that Rogers's I.Q. at age 12 "revealed functioning at a *borderline/mildly* mentally handicapped range of intelligence overall" (AR 250 (emphasis added)) which is not sufficient to show that Rogers exhibited "significantly subaverage general intellectual functioning with deficits in adaptive functioning that initially manifested during the

3

developmental period (i.e., before the age of twenty-two). . . ." *Turner v. Comm'r of Soc. Sec.*, 381 F.App'x 488, 491 (6th Cir. 2010) (unpublished).

While the ALJ does not elaborate on his determination that "the evidence fails to establish the presence of the 'paragraph C' criteria," AR 19, "it is unnecessary to require the ALJ, as a matter of law, to state why a claimant failed to satisfy every different section of the listing impairments." *Carrico v. Comm. of Soc. Sec.*, No. 5:09-CV-2083, 2011 WL 646843 at *8 (N.D.Ohio Jan. 21, 2011) (quoting *Gonzalez v. Sullivan*, 941 F.3d 1197, 1201 (9th Cir.1990)). The ALJ's evaluation is an adequate foundation for the determination that Rogers does not meet the paragraph C criteria.

### C. Rejection of Restrictions

The ALJ's rejection of Dr. Hundley's assessment is supported by the record, as Hundley's assessment is inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(d)(2). The record shows that Rogers is capable of performing the activities of daily living, such as caring for her infant child, attending to her personal hygiene, watching television, exercising, reading, and attending church. AR 21. Treating physician Dr. Worley found that Rogers's adaptive functioning is "more consistent with high borderline intellectual functioning than with mental retardation." *Id.* Further, Dr. Hundley is a one-time examiner, not a treating physician, whose assessment is therefore not entitled to special deference or weight. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).

4

The ALJ did not reject Dr. Conner's opinion, as the residual functional capacity (RFC) restrictions reflect the limitations found in Dr. Conner's assessments. The ALJ stated Rogers's RFC to be that she is limited to a low-stress environment with "only infrequent and casual contact with co-workers and supervisors, in a non-public work setting . . . ." AR 20. This RFC takes into account Dr. Conner's assessment, including that Rogers is "unable to maintain socially acceptable behaviors." R. 497. Dr. Conner's reported Global Assessment of Functioning (GAF) scores of 50 and 45 do not preclude a finding that Rogers is able to function in an occupational context. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). Further, Rogers fails to specify how the ALJ's findings rejected Dr. Conner's assessment. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-491 (6th Cir. 2006) (court declined to "formulate arguments" on claimant's behalf when they were not developed in the claimant's brief).

**D. Restrictions Considered in the Hypothetical**

The hypothetical question posed by the ALJ was sufficient to portray Rogers's mental impairment accurately. *Early v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010) (finding that the hypothetical stating "this person [is] limited to simple, repetitive tasks and instructions in non-public work settings" is not sufficient to portray accurately the restriction that the claimant could work two-hour segments during an eight-hour day). Dr. Stodola's assessment, which was adopted by the ALJ, found that Rogers was moderately limited in her ability to

5

work in coordination with or in proximity to others without being distracted by them (AR 306) and she is mentally able to "understand/remember/carry out simple instructions for 2 [hour] segments over an 8 hour workday" (AR 308). These environment-, speed-, and pace-based restrictions are included in the ALJ's hypothetical, which stated that Rogers

> would be limited to performing only simple repetitive work tasks. And because of her difficulty with verbal comprehension she should be orally instructed with initial demonstration of the tasks she is to perform. She would do best in a low-stress, object-focused work environment *with only infrequent and casual contact with co-workers and supervisors in a non-public work setting without excessive productivity demands* and . . . only infrequent and gradual changes in her work routine.

AR 62 (emphasis added). Therefore, the hypothetical was sufficient to fully convey Rogers's limitations to the vocational expert.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Rogers's motion for summary judgment (R. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (R. 10) is **GRANTED**.

A separate judgment will enter accordingly.

Signed on September 16, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY